IN THE UNITED STATES DISTRICT COURT of the WESTERN DISTRICT of VIRGINIA

name: MR. GARY WALL
number: 1133749
Place of Confinement: RED ONION STATE PRISON, Post office Box 1900, Pound, Virginia 24279-1900

date: December 8th, 2013

civil action no. 7:13-CV-00587

JURY TRIAL DEMANDED

42 U.S.C. § 1983

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 11 2013
JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

MR. GARY WALL #1133749
Plaintiff
V.
SARA LOONEY; Canine Unit officer of R.O.S.P.; et. allii,
D. STILL; Lieutenant of R.O.S.P.;
J. McQUEEN; Institutional Investigator of R.O.S.P.;
R. MATHENA; Warden of R.O.S.P.;
G. HINKLE; Western Regional Ombudsman of VADOC;
G. ROBINSON; Manager Ombudsman of VADOC;
H. CLARKE; Director of VADOC.
defendant(s)

PRELIMINARY STATEMENT:

This is a civil rights action, filed by MR. GARY WALL #1133749, a prisoner, for Nominal, Compensatory and Punitive damages under 42 USC § 1983, for mental or emotional (Psychological Harm) and Physical injuries. A declaration and a Preliminary and Permanent injunction, Alleging Violations to the established Cruel and Unusual Punishment Clause for the use of excessive force and deliberate indifference in Violation of the Eighth Amendment of the UNITED STATES CONSTITUTION, Article I. sections 1, 9 & 11, of the Virginia Constitution, Virginia Code § 53.1-39 and STATE LAW CLAIMS: Abuse of Process, Assault (Assault by Agent) and Willful and Wanton Negligence. Also, Operating Procedures (Security) and 130.1, under the Virginia Department of Corrections.

I. JURISDICTION:

1. This is a civil action authorized by 42 USC § 1983, to redress the deprivations, under color of State Law, of rights secured by the Constitution of the United States. This court has jurisdiction under 28 USC section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 USC section 2201 and 2202. Plaintiffs' claims for injunctive relief are authorized by 28 USC section 2283 and 2284, and RULE 65, of the FEDERAL RULE OF CIVIL PROCEDURE. This court has Supplemental jurisdiction over the Plaintiffs' STATE LAW CLAIMS under 28 USC section 1367.

2. The Western district, United States District Court of Virginia, is an appropriate venue under 28 USC section 1391(b)(2), because it is where the events giving rise to this Claim occurred.

II. PLAINTIFF:

3. Plaintiff, MR. GARY WALL #1133749, is and was at all times mentioned herein a prisoner of the State of Virginia in the custody of the Virginia Department of Corrections. He is currently confined in RED ONION STATE PRISON, in Pound, Virginia.

## III. DEFENDANTS:

4. Defendant, SARA LOONEY, is a canine Unit Correctional officer of the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the rank of: CORPORAL (canine unit), and was assigned to RED ONION STATE PRISON.

5. Defendant, DAVID STILL, is a Correctional officer of the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the rank of: LIEUTENANT, and was assigned to RED ONION STATE PRISON.

6. Defendant, JIM McQUEEN, is a Institutional Investigator of the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the rank of: LIEUTENANT (Institutional Investigator), and was assigned to RED ONION STATE PRISON.

7. Defendant, RANDLE MATHENA, is the Warden of RED ONION STATE PRISON. He is legally responsible for the policy-making decisions and the overall operation of Red Onion State Prison, also for the welfare of all the inmates of that prison.

8. Defendant, GEORGE HINKLE, is employed by the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the title of: WESTERN REGIONAL OMBUDSMAN DIRECTOR, being legally responsible for the compliance with policies and the overall operation of prisons located in the Western Region of Virginia, including RED ONION STATE PRISON.

9. Defendant, GEORGE ROBINSON, is employed by the Virginia Department of Corrections who, at all times mentioned in the Complaint, held the title of: MANAGER OMBUDSMAN DIRECTOR, being legally responsible for the compliance with policies and the overall operation of prisons located in the State of Virginia, including RED ONION STATE PRISON.

10. Defendant, HAROLD CLARKE, is the Director of the Virginia Department of Corrections who, at all times mentioned in the Complaint, is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including RED ONION STATE PRISON.

11. Each defendant is sued individually and in his or her official capacity. At all times mentioned in this Complaint each defendant acted under the Color of State Law.

## IV. FACTS (STATEMENT OF FACTS):

1) This Complaint arose on May 1st 2013, while en route to the dinning hall for lunch, Plaintiff ("WALL") and another offender A. INGRAM #1049142 ("INGRAM"), became involved in a tussle that no one was in danger of great bodily harm since no one was armed with a weapon and, to the best of my Knowledge, no further blows were exchanged after he ("INGRAM") initiated a physical altercation by swinging a punch (that missed), and charged towards me, tackling me to the ground.

2) Officer Looney ("LOONEY"), of the canine unit observed this and without warning, since the other offender was clearly the aggressor (because he was on TOP of me) She ran up and had her canine bite the right arm of the other offender, while yelling for him to: "GET OFF" me and to "STOP FIGHTING", but he refused to release me.

(Continued on Next page)

3) Based on information and belief, Officer Looney disengaged her canine because another offender attempted to assist Ingram but another offender intervened and pushed him away from entering into the fray. At this point, to the best of my knowledge and belief BOTH yard officer A. MCCOWAN and Looney then instructed the remaining offenders to: "GET DOWN", in which they all immediately complied. While this was happening, since offender Ingram did not stop, I felt I had to hold him until further officers arrived. Once another officer approached us and sprayed a BURST of O.C. Gas, hitting me in my left eye and possibly the other offender in his face, being the offender was still on TOP of me (preventing me from complying with any directive that may have been given). Once we were untangled and offender Ingram was DRAGGED approximately 4 or 5 feet away from me (to my left) by another canine unit and responding officers, I **IMMEDIATELY** desist from any disruptive behavior and immediately rolled onto my stomach, layed face-down, with my hands out in accordance with policy to be restrained.

4) While in this submissive, non-threatening position canine officer Looney (clearly observed me in this prone position) came up on my lower right side, without warning or provocation, maliciously and wantonly commanded her canine to viciously attack me while yelling: "GET HIM, BITE HIS ASS", never giving any form of directive(s) (i.e. such as, to stop moving or present myself to be restrained, etc.), I then simultaneously felt the canine bite the lower left portion of my calf area taking a Quarter-Size chunk of flesh out of my leg (among other injuries).
Realizing Officer Looney was not going to subdue her canine, I then began to yell (I ain't resisting!) and panic from the pain being inflicted, I tryed to use my right leg to push the attacking DOG away from me. I was then pulled by the force of canine onto my back after it started shaking its head to cause further damage. At which point, with several attempts officer Looney lunged her canine at me repeatedly to entice the canine to bite me again along the left thigh and lower left leg once again while spewing other obscenities at me. Only then was any attempt made to apply handcuff on me (by C/O MESSER and C/O TAYLOR) without incident. After immediately being taken to medical to be treated for my canine injuries, Officer Looney came to medical, taunting offender with: "I GOT HIM, I GOT HIM GOOD WITH MY DOG", and smiling with staff while investigator Murphy was taking pictures of the damage done to my leg. Based on information and belief, while I was being taken to medical, several other offenders were taken to "LOCK UP", simply for voicing there disagreement with the continued use of (canine) force after I was no longer being disruptive.

5) This use of excessive force violated the Cruel and Unusual Punishment Clause under the Eighth Amendment of the UNITED STATES CONSTITUTION being this act was NOT spontaneous in manner to quell a disturbance because officer Looney clearly observed me in this submissive, non-threatening position for a sufficient amount of time to recognize no officers or other offenders were at immediate risk of danger from WALL, nor was I being non-compliant with any given directives by staff, while laying face-down on the ground, to necessitate this use of canine force to obtain any form of "ORDER and CONTROL".

6) While in Medical, I was then informed by an adviser, based on me "holding offender Ingram until further help arrived," on May 1st 2013, during the service of an ambiguous Institutional Infraction, I received under the Virginia Department of Corrections operating procedure 866-1; offender discipline for violation of section V(B)-218, fighting with any person, which simply stated: "...WALL became involved in an altercation with offender A. INGRAM...", in which I accepted a $5.00 fine penalty offer for my actions. This was used initially as the justification given for officer Looney's use of a canine on Plaintiff then changed to, "I KICKED AT THE CANINE" and/or "ATTEMPTED TO GET UP", but after my continued inquiry...

(Continued on next page)

(3)

(Continued from paragraph #6, from page Three) and available evidence of this incident clearly contradicted these rationals, during the Informal Stages of the Grievance process concerning this issue it was then finally implied: "I was not compliant with Staff's orders to stop fighting, other means were not effective in dealing with your disruptive behavior," Therefore I was bit, but that was offender Ingram's behavior during the altercation and after being mased, not Mine.

7) Being my canine injuries were not sustained while engaged, tangled-up, or in the act of holding offender Ingram nor for disobeying any directives given to be restrained or stop any further disruptive behavior (after becoming untangled) and I never received any form of Infraction supporting this justification for me being Maliciously attacked while laying on my stomach, face-down, with my hands out in accordance with policy to be restrained, it's clear officer Looney's was motivated by malice and ill will in the application of force against Plaintiff in retaliation or as Punishment for his prior participation in the altercation, therefore it was not done in pursuance of a legitimate penal purpose but Maliciously and Wantonly for the very purpose of causing "serious" pain/injuries which constituted Cruel and Unusual (Corporal) Punishment done by a prison official acting with a culpable state of mind and his right to be free from Harm caused by Malicious and Sadistic actions of Correctional Officers, Plaintiff's Eighth Amendment rights under the UNITED STATES CONSTITUTION was violated.

8) Since it's Red Onion State prisons' practice to have canines maim and disfigur offenders at the conclusion of altercations in this vicious fashion, that does not involve weapons or result in serious injuries caused by the offenders, disregarding the Virginia Department of Corrections established written policies of mitigating a forceful response with the compliance of (Verbal or other Physical) directives for offenders to desist from disruptive behavior or to be restrained, My being Maliciously attacked after immediately laying on my stomach, face-down, with my hands out was done simply to cause pain and serious injuries, since at no time, after being untangled with offender Ingram did canine unit officer Looney (or any other officer) ever attempt to restraine me, give me any form of directive that I did not follow nor did I move in a threatening manner towards ANYONE to initiate me viciously being attacked by the canine causing me to experience extreme bouts of High Blood pressure (a pre-existing condition) depression, Anxiety attacks and reoccurring nightmares repeatedly. Also, nerve damage to my left leg.

9) Since after several occasions, I requested to have this incident investigated, beginning on 5/3/13, and it's a common practice for investigator J. MCQUEEN and Warden R. MATHENA (also Lt. STILL) to disregard any claims made by an offender concerning complaints of Assault or Abusive behavior by R.O.S.P. staff, the refusal to interview myself or the available (approximate) 22, other offenders who witnessed this incident to THOUROUGHLY investigate these claims or take remedial action were clearly deliberate indifferent and in breach of his duty as a Institutional investigator and Warden of the Virginia Department of Corrections. On July 9th 2013, to assure my Grievances would be investigated by someone besides Red Onion State Prison Staff or personnel, I wrote a letter to the Inspector Generals: Mrs. June Jamins (SIU Letter #10119), that was responded to on July 18th 2013, informing me simply: "This is not a matter in which this office would become involved at this time..."

10) On May 15th 2013, I wrote an Informal Complaint concerning this Abuse of policy Practiced at Red Onion State prison that was not processed because it was implied it was repetitive to my regular Grievance (#00677), by an unidentified source. So to exhaust all available Administrative Remedies concerning this issue on May 21st 2013, I attached this Informal Complaint to a Regular Grievance that was also denied process on May 22nd 2013, by the R.O.S.P. Grievance Department stating it was REPETITIVE, once again. Since this Grievance clearly addressed the...

(Continued on Next page)

(Continued from paragraph #10, from page four) interpretation/application of a policy on May 22nd 2013, I wrote an appeal to the Regional Ombudsman, whom on May 28th 2013, up-held the institutional decision. In an attempt to appeal to the third-level, specifically concerning issues addressing the interpretation/application of policy, I sent my appeal to the Director Ombudsman Service Unit, whom on June 25th 2013, responded informing me the Regional Ombudsman "In-take" decision is final, Exhausting all available levels of appeal concerning this issue.

11) On May 3rd 2013, I wrote an Informal Complaint (#01719), concerning being Maliciously attacked by a canine while laying on my stomach, face-down, with my hands out in a Submissive, non-threatening position in accordance with policy, that was responded to on May 10th 2013, by a LT. STILL, stating: "You were not compliant with staffs orders to stop fighting, other means were not effective in dealing with your disruptive behavior." On May 13th 2013, I wrote a Regular Grievance (#00617), concerning this issue that was deemed UNFOUNDED, and responded to by R. MATHENA on June 11th 2013, stating: "...Investigator McQueen advised he did not find any descrepancies while reviewing this incident..." On June 13th 2013, I submitted my appeal to the Second level that was up-holding the UNFOUNDED decision by the Level-I, On June 22nd 2013, by the Regional Ombudsman G. HINKLE indicating that the second Level of appeal was the last level of appeal, Exhausting all available Administrative Remedies.

## V. EXHAUSTION OF LEGAL REMEDIES:

12. Plaintiff, Mr. GARY WALL #1133749, used the prisoner grievance procedure available at Red Onion State Prison to try and resolve the problem. Plaintiff, Mr. GARY WALL #1133749, presented the facts relating to this Complaint on the dates provided in paragraph(s) #10 and #11, of "STATEMENT OF FACTS," Plaintiff presented all facts relating to this Complaint.

## IV. LEGAL CLAIMS:

13. Plaintiff reallege and incorporate by reference paragraph(s) #1 through #11.

14. "The Eighth Amendment protects against the infliction of Cruel and Unusual Punishment," U.S. CONST. VIII. After incarceration, only the "Unnecessary and wanton infliction of pain," constitutes Cruel and Unusual Punishment forbidden by the the Eighth Amendment. "Where a prison security measure is undertaken to resolve a disturbance... the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312 (1986).

For an offender to prove an excessive force claim, he must satisfy not only the SUBJECTIVE component that the Correctional Officer acted with a Sufficiently culpable state of mind, but also the OBJECTIVE component that his alleged injuries were sufficiently serious in relation to the need for force to established Constitutionally excessive force. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

After the deployment of O.C. Gas caused the offenders to stop tussling and offender Ingram was dragged away from Plaintiff, being no correctional officers, prison personnel or other offenders were at immediate risk of danger at the conclusion of this altercation, and Plaintiff immediately desist all disruptive behavior, Officer Looneys' action of having her canine Maliciously attack him while laying on his stomach, face-down, with his hands out in accordance with policy...

(Continued on Next page)

(Continued from Section IV. LEGAL CLAIMS, paragraph #14, from page five) to be restrained, who failed to use any lesser degree of force, issue a directive nor was any made during an active attempt at (handcuffing) restraining WALL because he was resistant, clearly Violated written Virginia Department of Corrections established Regulations that prohibits the use of a canine while an offender is non Compliant with directives and laying in a prone position on the ground. WALL suffered serious injuries to his left leg that continues to cause him pain and suffering also, mental or emotional (Psychological Harm) injury; Violated Plaintiff, Mr. GARY WALL #1133749, rights and constituted Cruel and Unusual Punishment in Violation of the Eighth Amendment to the UNITED STATES CONSTITUTIONS Cruel and Unusual Punishment Clause use of excessive force and Deliberate Indifference.

15. The Plaintiff has no plan, adequate or complete, remedy at Law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants declaratory and injunctive relief which Plaintiff seeks.

VII. PRAYER FOR RELIEF:

Wherefore, Plaintiff respectfully prays that this court enters judgment granting Plaintiff:

16. A declaration that the acts and Omissions described herein Violated Plaintiff's rights under the constitution and the Laws of the United States.

17. A Preliminary and permanent injunction ordering defendants Virginia Department of Corrections to transfer claimant out of the SOUTHWESTERN REGION of the Virginia Department of Corrections including, but not limited to: RED ONION STATE PRISON, WALLENS RIDGE STATE PRISON and KEEN MOUNTAIN CORRECTIONAL CENTER, to avoid further Retaliation from mentioned "Family and Friends" employed by the Department of Corrections within this region.

18. Nominal Damages in the amount of: $1.00

19. Compensatory Damages in the amount of: $25,000.00, against each defendant, jointly and severally.

20. Punitive (Exemplary damages) Damages in the amount of: $10,000.00, against each defendant.

21. A jury trial in all triable issues by a jury.

22. Plaintiff's cost in this suit.

23. Any additional relief this court deems, just, proper, and equitable.

dated: December 8th, 2013

Gary Wall #1133749
Respectfully Submitted

(Continued on Next page...)

## VERIFICATION

I have read the foregoing complaint and hereby verify that that matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under the penalty of perjury that the foregoing is true and correct.

EXECUTED AT: POUND, VIRGINIA on DECEMBER 7th, 2013

Manny Wolf #1133149
c/o Red Onion State Prison
Post Office Box 1990
Pound, Virginia 24279-1990

STATE OF VIRGINIA
CITY/COUNTY OF: WISE

Subscribed and Sworn to before me, this 7 day of Dec., 2013.

_____
Notary Public

MY COMMISSION EXPIRES: July 31, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of DECEMBER 2013, I mailed Two (2) copies of the foregoing: 42 USC § 1983 and MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, to respondents: UNITED STATES DISTRICT COURT OF THE WESTERN DISTRICT OF VIRGINIA, (OFFICE OF THE CLERK), 210 FRANKLIN ROAD S.W. ~ Suite 540, ROANOKE, VIRGINIA, 24011; by first class mail.

Manny Wolf #1133149
Respectfully Submitted



(7)    (Page: seven of 7)